McKinney, J.,
delivered the opinion of the Court.
McFalls sued Locke in an action of trespass. The bond for the prosecution of the suit, to which Wasson was security, was in the penalty of $250. McFalls failed in the action, and a judgment was rendered against him, in favor of Locke, for the entire costs of the suit, and against Wasson, the security, to the extent of the penalty of the bond. The bill of costs, as taxed by the clerk, amounted to the sum of $638,80. Execution issued upon this judgment, which was returned with a credit of $250 in favor of Was-son, endorsed thereon, being the amount of his liability, and nulla Iona as to McFall’s. It appears, however, that in point of fact, this credit on the execution in favor of Wasson, was made up of the sum of $11.81, in money paid to the clerk towards his costs, and receipts of witnesses summoned on *676 behalf of McFalls, amounting to $238.19, making an aggregate of $250.
Upon this state of facts, Locke, by Ms counsel, moved the Court,* at a subsequent term, to set aside and make void the credit entered upon the execution in- favor of Wasson, on the ground that it was no discharge of the judgment against him, in favor of Locke. But the Court, being of a different opinion, refused the motion.
The question is, did the Court err in refusing the motion. This depends upon the effect of the judgment. The undertaking of the security for the prosecution of a suit is, by the statute, that the plaintiff will prosecute the suit with effect, and in case of failure of such prosecution, pay to the defendant all such costs and damages as may be awarded against him. The intention of the law is, to indemnify the defendant against the payment of the costs incurred by him in his defence; and this- is the effect of the judgment in such case. But in the present case, the security cannot be held liable beyond the penalty of his bond, and by reason of the insolvency of the plaintiff, the larger portion of the costs cannot be collected. How then, is the sum for which the security is liable to be applied? Can the security, by his own act, apply it for the benefit of the- plaintiff,, who, by the judgment, is liable for the entire costs? Certainly not. In such case, the defendant has the right to have the amount recovered against the security— after satisfaction of the costs due to the officers of the Court — applied to the satisfaction- of his witnesses, and such .other costs as he may be liable for.
*677 In this view, tbe judgment will be reversed, and tbe case be remanded, to the end that tbe motion ma,y be allowed, and an execution awarded against the security, Wasson, for tbe amount of tbe judgment -rendered against him, except tbe sum of $11.81 paid to tbe clerk, for which be is entitled to a credit.